SHEDD, Circuit Judge,
dissenting:
I agree with the district court that there was a resulting trust in favor of Architectural Glass Construction (“AGC”). Under South Carolina law, a resulting trust is an equitable remedy designed “to effectuate the intent of the parties in certain situations where one party pays for property, in whole or in part, that for a different reason is titled in the name of another.” Bowen v. Bowen, 352 S.C. 494, 575 S.E.2d 553, 556 (2003). Here, there is a resulting trust in favor of AGC because the testimony re *301 garding the intent of the parties is that Mrs. Pfister had mere legal title and that AGC is and always has been the equitable owner of the property.
In its order, the bankruptcy court offered no analysis for its one-sentence conclusion that there was no resulting trust. However, a review of the bankruptcy court’s comments during the trial reveals that the bankruptcy court misunderstood the requirements for a resulting trust. The court stated, “Every bit of testimony that I heard is that [the property] was supposed to be deeded in the name of the individuals, and that’s not a mistake.” J.A. 1537 (emphasis added). The court later explained that it did not believe there was a resulting trust, stating that “[h]ere the intention of the parties was that the property was to be deeded in the individual names.” J.A. 1544 (emphasis added). Apparently, the bankruptcy court believed the intentional act of putting Mrs. Pfister’s name on the deed was the “intent” that proved that she was the equitable owner of the property. That is incorrect.
Under South Carolina law, courts impose resulting trusts when property is paid for by one party but titled in the name of another. See Hayne Fed. Credit Union v. Bailey, 327 S.C. 242, 489 S.E.2d 472, 475 (1997). Thus, with real estate, a resulting trust is necessary only where property is deeded in the name of someone other than the equitable owner. It is simply incorrect to conclude, as the bankruptcy court did, that because the property was deeded in Mrs. Pfister’s name, AGC — whom the Pfis-ters intended to own the property and who indisputably paid for the property — is not entitled to a resulting trust.
The controlling question is not what name is on the deed, as the bankruptcy court seemed to believe, but rather whom the parties intended to own the property at the time the property interest was created, that is, at the real estate closing. Here, the testimony clearly and convincingly indicates that AGC is, and was always intended to be, the equitable owner of the property. Mr. and Mrs. Pfister both testified that they put the deed in their individual names based on advice from their accountant to claim a rental arrangement for tax purposes, but that the property was intended to be owned by AGC. J.A. 1260-61,1353-54. AGC’s intent to own the property at the time the property interest was created is corroborated by AGC’s actions both before and after the interest arose.[1] AGC had the pre-deed plat prepared in its name, J.A. 439-40, and AGC, not Mrs. Pfister, executed the note which supplied the purchase price for the property, J.A. 1474-75.[2] Furthermore, the *302 two buildings erected on the property were financed with loans made in AGC’s name, and AGC made every payment on any and all obligations attached to the property or the improvements. In re Pfister, 2012 WL 1144540, at *1 (Bankr.D.S.C. Apr. 4, 2012).
This case is straightforward — the bankruptcy court was incorrect, and the district court was correct, in understanding when a resulting trust occurs. Under South Carolina law, a resulting trust arises in favor of AGC “to effectuate the intent of the parties” because AGC paid for property “that for a different reason [was] titled in the name of [Mrs. Pfister].” See Bowen, 575 S.E.2d at 556. For that reason, I would affirm the district court. Therefore, I dissent.

. While AGC’s intent is critical at the time the property interest was created, its actions taken both before and after confirm its intent at the time the interest arose.

. Contrary to the majority’s assertion, we may properly consider evidence concerning the note despite the fact that AGC did not admit the note itself into evidence. Although Federal Rule of Evidence 1002 generally requires a party to introduce an "original writing” to prove the contents of a document, that Rule— like most evidentiary rules — is subject to waiver where, as here, no objection was made to the admissibility or relevance of evidence offered to prove the contents of the document. See, e.g., Ridgway v. Ford Dealer Computer Servs., Inc., 114 F.3d 94, 98 (6th Cir. 1997). Moreover, Mr. Pfister's testimony, while "self-serving,” was clearly admissible. See, e.g., U.S. v. Sklena, 692 F.3d 725, 733 (7th Cir.2012) ("To say that evidence is ‘self-serving’ tells us practically nothing: a great deal of perfectly admissible testimony fits this description.”); In re Dana Corp., 574 F.3d 129, 153 (2d Cir.2009) ("Of course, the fact that their denials were self-serving does not mean that such testimony would not be admissible at trial.... ”). In any event AGC also offered the testimony of Greg Sisk, previously a commercial lender at BB & T, regarding the con *302 tents of the note, J.A. 1474-75; Sisk’s testimony is not self-serving.
Further, it is undisputed that AGC signed the note and obtained the money to purchase the property at closing. The majority assertion that AGC did not pay because BB & T financed the transaction is at best puzzling.